UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff(s),<br><br>     v.<br><br>WINIFRED JIAU,<br><br>           Defendant(s). | No. CR10-71093<br><br>**ORDER OF DETENTION<br>PENDING TRIAL** |

This matter came before the Court on January 3, 2011 for a detention hearing. The defendant, Winifred Jiau, was present and represented by Mark Goldrosen, Esq. Assistant United States Attorney Wilson Leung appeared for the government.

Having considered the parties' proffers and the Pretrial Services report, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk, and that no conditions of release will reasonably assure her appearance. In so finding, I have considered the following factors:

   1.   The defendant is charged by complaint in the Southern

1

District of New York with violating (1) 18 U.S.C. §§ 2, 371; (2) 15 U.S.C. §§ 78j(b), 78ff; and (3) 17 C.F.R. § 240.10b-5. If convicted of the most serious count, she faces up to 20 years in prison, thereby giving her an incentive to flee. While defendant's guideline range is much shorter, the guideline sentence of at least several years still provides defendant, who has never been incarcerated before, with an incentive to flee.

  2. Defendant has the ability to flee.  She is a dual citizen of the U.S. and Taiwan, and holds passports (which have been surrendered) from both countries.  Defendant also has a travel document from Taiwan that permits her to travel to China without a visa.[1]  Defendant has visited China five times since 1990, and was recently there from October 2010 through mid-November 2010.  Defendant has also traveled extensively to other countries.  The surrender of her passports will make it harder for defendant to flee, but it will not make it impossible.  Additionally, defendant is well-educated and has admittedly earned a comfortable income in recent years.  The few assets defendant identified to Pretrial Services, do not satisfactorily explain what she did with her earnings, suggesting that she may have the means to flee.

  3. Defendant does not have strong ties to this community.  She is not married and does not have any children.  She is not currently employed, and does not own a home.  Her immediate family, including her mother and sister, still

---

[1] Defendant initially failed to volunteer this information about her travel documents to the government.

1  reside in Taiwan.  Defendant does not seem to have formed any
2  close relationships in the U.S. even though she has lived here
3  for over 18 years, with the possible exception of Kenneth and
4  Rebecca Lee, who declined to act as her sureties and told
5  Pretrial Services that they were not close to defendant.
6  Defendant then asked Terry Peng to act as a surety.  While Mr.
7  Peng agreed to post his house as collateral for defendant, he
8  told Pretrial Services that he did not have any contact with
9  defendant since 2004 or 2005 because he believed she lived
10 overseas.  Mr. Peng was only reacquainted with defendant a few
11 weeks ago when they saw each other while shopping.  Because
12 Mr. Peng has not been close to defendant for about five years,
13 he is unlikely to be in a position where he can persuade her
14 to appear in New York.

15    4.  The government has proffered that it has tape
16 recordings, phone records, and trading patterns that establish
17 defendant illegally provided insider information to a hedge
18 fund while she was paid a substantial salary to be a
19 consultant.  While the strength of evidence is the least
20 important factor in determining detention, the government's
21 evidence suggests that the possibility of a significant
22 sentence is real.

23    5.  Defendant proposed she be released on a $250,000
24 bond, partially secured by $12,000 cash from defendant and co-
25 signed by Mr. Peng, and with the condition that she surrender
26 her passports as well as submit to electronic monitoring.
27 These conditions fail to assure me that defendant is not a
28 flight risk.  This risk is particularly heightened because

3

defendant is charged in New York and must travel there. Defendant has not proffered any conditions of release that will alleviate the risk of flight and assure her presence at court proceedings in New York.  Accordingly, I find that the government has met its burden of showing by a preponderance of the evidence that defendant is a flight risk and that the proposed conditions of release will not reasonably assure her appearance in New York.

Based on the foregoing, the government's motion for detention is **GRANTED.  IT IS HEREBY ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 3, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2011\JIAU DETENTION ORDER.wpd

4